```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES                 )
                              )
                              )
            v.                )    CRIMINAL ACTION
                              )    NO. 11-30031-WGY
JORGE SANCHEZ,                )
                              )
            Defendant.        )
                              )
_____
```

YOUNG, D.J.                                    November 4, 2021

**MEMORANDUM & ORDER**

**I.  INTRODUCTION**

Jorge Sanchez ("Sanchez") moves to vacate his September 2014 felon-in-possession conviction under 18 U.S.C. § 922(g)(1) pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019), in which the Supreme Court held that to support a § 922(g)(1) verdict, the government must prove that while in possession of a firearm, the defendant knew that he or she belonged to a category of persons statutorily prohibited from carrying the firearm.  Sanchez's motion is DENIED.

In 2004, Sanchez was found guilty of possession with intent to distribute a class B substance.  Gov't's Opp'n Def.'s Mot. Vacate (Dkt. 163) 2, ECF No. 166.  In 2007, Sanchez pled guilty in two separate cases to distribution of a class B substance and received a sentence of three-and-a-half to five years on the first matter and an identical sentence (served forthwith and

concurrent) on the second matter.  Mot. Vacate Conviction 28 U.S.C. § 2255 & Rehaif v. United States, 139 S. Ct. 2191 (2019) & Incorporated Mem. Law Supp. ("Mot. Vacate") 3, ECF No. 163. In 2014, Sanchez pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months in prison followed by three years supervised release.  Id.  Neither the government in his indictment nor this Court in his plea hearing referred to scienter-of-status as a necessary element of conviction.  Id. 4.

In 2019, the Supreme Court held in Rehaif that to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194 (emphasis added).  Following the Rehaif decision, on June 19, 2020, Sanchez moved to vacate his conviction pursuant to 28 U.S.C. § 2255.[1]  See generally Mot. Vacate.  In his motion, Sanchez argues that his indictment is defective because it "failed to allege knowledge of status as an essential element of the offense, thereby failing to allege an offense."  Id. 2.

---

[1] On June 19, 2020, Sanchez filed a timely motion to vacate his conviction pursuant to Rehaif.  See Mot. Vacate Conviction 28 U.S.C. § 2255 & Rehaif v. United States, 139 S. Ct. 2191 (2019), ECF No. 158.  The parties agreed to an extension of time to file Sanchez's memorandum, which was filed on August 18, 2020.  See Mot. Vacate.

Section 922(g) of title 18 of the United States Code provides that "[i]t shall be unlawful" for certain individuals to possess firearms. 18 U.S.C. § 922(g). The provision then lists nine categories of individuals subject to the prohibition, including felons. Id. § 922(g)(1). A separate sub-section, § 924(a)(2), adds that anyone who "knowingly violates" section 922(g) shall be fined or imprisoned for up to ten years. Id. § 924(a)(2). The Supreme Court in Rehaif held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm <u>and that he knew he belonged to the relevant category of persons barred from possessing a firearm</u>." 139 S. Ct. at 2200 (emphasis added).

In reliance upon the Rehaif decision, Sanchez claims that (1) since the essential element of knowing that he was a felon was neither alleged in the indictment nor discussed at any proceeding in his case, this Court did not have jurisdiction to enter judgment against him, Mot. Vacate 5, and (2) the indictment violated Sanchez's Fifth Amendment right to due process and Sixth Amendment right to notice, id. 7-9.

## II. THE COLLATERAL ATTACK -- HABEAS REVIEW

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

[3]

> in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. Short v. United States, 471 F.3d 686, 691 (2006) (citation and quotations omitted).

A habeas petition, however, does not replace a direct appeal. As a general rule, "claims not raised on direct appeal may not be raised on collateral review . . . ." Massaro v. United States, 538 U.S. 500, 504 (2003). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

Here, Sanchez has failed to show cause or prejudice for his failure to raise this claim on direct appeal, and he does not attempt to show that he is actually innocent.

[4]

See generally Mot. Vacate. Thus, his claim remains procedurally defaulted.

First, as to cause, although a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default, Bousley, 523 U.S. at 622, Sanchez's claim does not qualify as such. A petitioner cannot establish that a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time." Id. at 622-23.

The Supreme Court had emphasized the importance of scienter in distinguishing between wrongful and innocent conduct in many cases prior to Rehaif. See, e.g., Liparota v. United States, 471 U.S. 419, 425 (1985); United States v. Bailey, 444 U.S. 394, 406 (1980); United States v. U.S. Gypsum Co., 438 U.S. 422, 436 (1978); Morissette v. United States, 342 U.S. 246, 250-51 (1952). Additionally, well before Rehaif was decided, the Supreme Court had interpreted statutes to include a scienter requirement even where the statutory text was silent on the question. See, e.g., Staples v. United States, 511 U.S. 600, 610 (1994). Sanchez has not attempted to show cause for his procedural default, but even if he had, based on the aforementioned legal standards, Sanchez would not be able to argue

[5]

convincingly that the legal basis for Rehaif was not reasonably available to him at the time of his appeal.

Second, as to actual prejudice, a petitioner can establish the required prejudice by showing "a reasonable probability that, but for the errors, the result of the proceeding would have been different." Lee v. United States, 137 S. Ct. 1958, 1964-65 (2017).² A petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Here, Sanchez argues that he has been prejudiced because "his plea was not knowing and voluntary" and "though Mr. Sanchez had previously served a state prison sentence in excess of a year, the record is devoid of evidence that Sanchez knew of his prohibited status as a

---

² Lee refers to prejudice in the context of an ineffective assistance of counsel claim, not in the context of procedural default, but the First Circuit has ruled that there is no practical difference between the two. See Lynch v. Ficco, 438 F.3d 35, 49 (1st Cir. 2006) ("[I]n this circuit, we have held that . . . if a habeas petitioner can meet the prejudice standard needed to establish ineffective assistance . . . then the prejudice standard under the 'cause and prejudice' showing to excuse a procedural default is also met.").

result of that incarceration." Mot. Vacate 11. This Court disagrees. The Supreme Court has held that "demonstrating prejudice under Rehaif will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons." Greer v. United States, 141 S. Ct. 2090, 2098 (2021) (citations and quotations omitted). So here. Sanchez's record shows at least two separate occasions prior to the instant offense in which he was sentenced to and served more than one year of imprisonment. Mot. Vacate 2-3. This, by itself, supports the conclusion that Sanchez had knowledge of his status as a convicted felon when he was on trial for firearm possession pursuant to 18 U.S.C. § 922(g). See Greer, 141 S. Ct. at 2097 ("If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." (quotations omitted)).

Therefore, the Court rules that Sanchez has failed to show cause or actual prejudice for his procedural default.

The only path left for Sanchez is showing actual innocence. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37

[7]

(2006) (quotations omitted) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). In this regard, the Supreme Court has noted that actual innocence means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. The actual innocence standard may be met in "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Sanchez has not attempted to meet this standard. See generally Mot. Vacate. Sanchez has a record of at least two sentences of more than one year each. Id. 2-3. Like the actual-prejudice prong, this record supports a conclusion that Sanchez was aware of his status as a convicted felon while later possessing a firearm. See Greer, 141 S. Ct. at 2097. The Court is convinced that no reasonable juror could have believed that Sanchez did not know that he had been convicted of a crime punishable by imprisonment for a term exceeding one year when Sanchez had previously served many years in prison for multiple crimes. Thus, the Court rules that Sanchez has failed to show actual innocence, and accordingly his motion to vacate is procedurally barred.

**III. THE MERITS**

Even were the Court to address the merits, Sanchez would fare no better.

    **A.**    **Jurisdictional Challenge**

Sanchez's first argument is that the missing scienter-of-status requirement in his trial renders the entire indictment defective such that this Court lacked jurisdiction to enter judgment against him in the 18 U.S.C. § 922(g) prosecution.  Mot. Vacate 5.  The Court disagrees.  The Supreme Court has ruled that "defects in an indictment do not deprive a court of its power to adjudicate a case." United States v. Cotton, 535 U.S. 625, 630 (2002).  Accordingly, with regards to Rehaif, the First Circuit has decided that "the government's failure to allege the scienter-of-status element in the indictment did not deprive the district court of jurisdiction."  United States v. Farmer, 988 F.9d 55, 60-61 (1st Cir. 2021); accord United States v. Hobbs, 953 F.3d 853, 856-57 (6th Cir. 2021).  Therefore, the Court rules that it did not lack jurisdiction to enter judgment against Sanchez in the 18 U.S.C. § 922(g) prosecution.

    **B.**    **Constitutional Challenge**

Lastly, Sanchez argues that the defective indictment violated his Fifth Amendment right to due process and his

[9]

Sixth Amendment right to notice.  Mot. Vacate 7-9. Specifically, he claims that his conviction "rests on broader charges not made out in the indictment against him," id. 8, and that "his plea and the accompanying waiver of rights was not knowing, intelligent, and voluntary," id. 10.

In the context of a plea colloquy, the Supreme Court has decided that "the omission of a single element from a plea colloquy does not deprive defendants of basic protections without which a criminal proceeding cannot reliably serve its function as a vehicle for determination of guilt or innocence."  Greer, 141 S. Ct. at 2100 (citations and quotations omitted).  The Supreme Court added that "Rehaif errors fit comfortably within the general rule that a constitutional error does not automatically require reversal of a conviction" and a petition to vacate pursuant to Rehaif "must satisfy the ordinary plain-error test."  Id. (quotations omitted).

Similarly, "[t]he First Circuit applies the plain error standard to clear or obvious errors (including structural errors) that were not raised before the district court, such as Fifth and Sixth Amendment challenges." United States v. Guardado, CIVIL ACTION NO. 12-cr-40004-TSH, 2021 WL 3055015, at *3 (D. Mass. July 20, 2021)

[10]

(Hillman, J.) (citing United States v. Lara, 970 F.3d 68, 86 (1st Cir. 2020) ("The plain error standard of review applies, however, even to challenges to structural errors if they were not raised below.")).

To meet the plain error standard, a petitioner must show three elements: (1) "there must be an error that has not been intentionally relinquished or abandoned"; (2) "the error must be plain -- that is to say, clear or obvious"; and (3) "the error must have affected the defendant's substantial rights . . . ." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016). To meet the third element, a petitioner "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Id. (citation and quotations omitted).

In United States v. Burghardt, a post-Rehaif decision, the First Circuit denied a motion to vacate a section 922(g)(1) conviction because the record revealed "no reason to think that the government would have had any difficulty at all in offering overwhelming proof that Burghardt knew that he had previously been convicted of offenses punishable by more than a year in prison." See 939 F.3d 397, 404 (1st Cir. 2019). Specifically, the First Circuit noted that

[11]

      according to his presentence investigation report (PSR), Burghardt received 2-10 years in state prison for two of the sale convictions, 7.5-15 years in state prison for the third sale conviction and the possession-with-intent-to-sell conviction, and 2-5 years in state prison for the robbery conviction.  If true, <u>the receipt of such sentences would certainly have made clear to Burghardt the fact that his offenses were punishable by more than a year in prison</u>.

Id. (emphasis added) (footnote omitted).

    The reasoning in Burghardt is applicable to Sanchez's case.  As described above, Sanchez was sentenced on at least two different occasions to serve more than one year in prison.  Therefore, this Court finds that it is more likely than not that had the Court informed Sanchez on the scienter-of-status element, the outcome of the proceeding would not have been different.  The Court rules that regardless whether there was an error and whether this error was clear or obvious, the missing scienter element did not affect Sanchez's substantial rights.

**IV. CONCLUSION**

    For the foregoing reasons, Sanchez's motion to vacate, ECF No. 163, is DENIED.

**SO ORDERED.**                                          /s/ WILLIAM G. YOUNG
                                                                  WILLIAM G. YOUNG
                                                                         JUDGE
                                                                        of the
                                                                 UNITED STATES[3]

---

    [3] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior

[12]

---

District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 43 years.

[13]